UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJENDRA DEO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARCIDES GUZMAN, ELSY GUZMAN AND DOES 1 TO 100,<br><br>　　　　Defendants. | No. 2:15-cv-1824-TLN-KJN<br><br><u>SUA SPONTE REMAND ORDER</u> |

This matter is before the Court pursuant to Defendants Arcides Guzman and Elsy Guzman's ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendants' Motion to Proceed in Forma Pauperis is DENIED AS MOOT. The Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about June 16, 2015, Plaintiff Rajendra Deo ("Plaintiff") brought an action against Defendants for possession of the real property known as 7321 Flamingo Way, Sacramento, California, 95828 ("the Property"). (Notice of Removal, ECF No. 1 at 10.) The Complaint alleges that Defendants entered into a contract with Plaintiff to pay rent in the amount of

1

$1250.00.[1] (Pl.'s Decl., Ex. 1, ECF No. 5 at 4.)[2] Plaintiff asserts that Defendants were provided a 3-day notice to pay rent or quit possession of the property. (ECF No. 5 at 5.) Plaintiff asserts that Defendants failed to comply. (ECF No. 5 at 6.)

## II.   STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1443(1), removal of an action to federal court is also permitted where the pending action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

## III.   ANALYSIS

Defendants removed the instant case to this Court on the basis of both 28 U.S.C. § 1441 and 28 U.S.C. § 1443. (ECF No. 1 at 2.) 28 U.S.C. § 1441 provides two paths to removal: 1) federal question jurisdiction under 28 U.S.C. § 1331; and 2) diversity jurisdiction under 28 U.S.C. § 1332. Defendants' removal action does not specify on which grounds they seek removal under

---

[1] The agreement was later amended to reflect a rent amount of $1300.00 per month. (ECF No. 5 at 5.)

[2] Defendants' original filing contained an incomplete copy of the underlying complaint. (ECF No. 1.) On September 4, 2015, the Court issued a Minute Order instructing Defendants to re-file their Notice of Removal with the full complaint included. (ECF No. 4.) Following that Order, Plaintiff's attorney submitted a true and complete copy of the state court complaint, supported by a declaration. (ECF No. 5.) The Court hereby takes judicial notice of the full complaint submitted by Plaintiff's attorney. *U.S. v. Richie*, 342 F.3d 903, 909 (9th Cir. 2003).

28 U.S.C. § 1441.  However, Defendants briefing provides no legal argument in support of removal under either federal question jurisdiction or diversity jurisdiction and the Court finds no basis to exercise its jurisdiction over this case.

With respect to federal question jurisdiction under 28 U.S.C. § 1331, the complaint itself contains only a single claim for unlawful detainer.  (ECF No. 1 at 9–10.)  Defendants fail to identify any federal law under which the action was brought.  Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  The instant complaint relies solely on California state law and does not mention expressly or impliedly any federal law or statute.  The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here.  *Caterpillar*, 482 U.S. at 392.

Removal under diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332.  While Defendants vaguely assert an amount in controversy in excess of $75,000 (ECF No. 1 at 3), the state court complaint indicates that the action is a limited civil case that does not exceed $10,000 (ECF No. 5 at 4).  Defendant has failed to show by a preponderance of the evidence that the amount in controversy has been met.  *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 683 (9th Cir. 2006) ("[T]he removing defendant has always borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement.").  Moreover, Defendants have similarly failed to make any argument to indicate that their state citizenships are diverse from Plaintiff.  *Id*.  Therefore, this Court cannot find a basis for removal under diversity jurisdiction.

A notice of removal based on § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966). *See also Patel v. Del Taco, Inc*., 446 F.3d 996, 998-99 (9th Cir. 2006).  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights."  *California v.*

3

*Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. "The ground for removal under section 1443(1) is both specific and extremely narrow." *JP Morgan Chase Bank, NA vs. Omry Reznik*, No. CV1506590RGKAJWX, 2015 WL 5156442, at *2 (C.D. Cal. Sept. 1, 2015) (citing *Davis v. Super. Ct. of State of Cal*., 464 F.2d 1272, 1273 (9th Cir. 1972)).

Defendants seek removal of this action under 28 U.S.C. 1443, but have failed to satisfy the two requirements of the test. First, Defendants fail to identify the "explicit statutory enactment protecting equal racial civil rights" that is violated by the State's action. *Sandoval*, 434 F.2d at 636. Defendants' reliance on the 14th Amendment alone is not sufficient to meet the first prong of the test. *Id*.

Defendants also fail to satisfy the second criteria of the test. Even if Defendants had properly identified a right to equal protection under the United States Constitution, they have failed to demonstrate that California state courts will not enforce that right. Defendants do not and cannot identify any California state law or constitutional provision that commands state courts to ignore an amendment to the United States Constitution. *See Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641, 2012 WL 1193613, *3 (C.D. Cal. Apr. 9, 2012); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010); *see also Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, Defendants have failed to demonstrate that the Court has subject matter jurisdiction to hear this action. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV. CONCLUSION

Thus for the reasons stated above, Defendants' motion to proceed in forma pauperis (ECF No. 2) is DENIED AS MOOT, and the Court hereby remands this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: September 11, 2015

Troy L. Nunley
United States District Judge